FILED
SCRANTON

FEB 0 6 2012

Per_____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ERIC MAXWELL, | : | |
| Petitioner | : | |
| | : | |
| vs. | : | CIVIL NO.: 3:92-CV-0628 |
| | : | (JUDGE NEALON) |
| | : | (MAGISTRATE JUDGE BLEWITT) |
| ANDY DOMOVICH, ET AL., | : | |
| Respondents | : | |
| | : | |

## MEMORANDUM

On June 30, 2011, Petitioner, Eric Maxwell, filed the instant motion for relief pursuant to Federal Rule of Civil Procedure 60(b) requesting Petitioner's first habeas petition be reinstated and that a factual hearing be held on that petition. (Doc. 25). Over twenty-seven (27) years ago in 1984, Petitioner was convicted of first degree murder and sentenced to life in prison without parole in the Dauphin County Court of Common Pleas. (Doc. 25); see also Commonwealth v. Maxwell, 513 A.2d 1382, 1385-1386 (Pa. Super. 1986) (containing a time-line of Petitioner's arrest and trial). On May 12, 1992, Petitioner began this action by filing a petition for writ of habeas corpus. (Doc. 1). On August 10, 1993, the Undersigned dismissed the petition by adopting the April 27, 1993 Report and Recommendation of Magistrate Judge Thomas M. Blewitt. (Doc. 19). On September 20, 1993, Petitioner appealed to the United States Court of Appeals for the Third Circuit which dismissed the appeal on June 6, 1994. (Docs. 21 & 24).

Over seventeen (17) years after the Third Circuit Court of Appeals denied the appeal, Petitioner filed the instant motion for relief on June 30, 2011. (Doc. 25). On July 5, 2011, Petitioner filed a brief in support of his motion; on July 22, 2011, Respondent, Dauphin County District Attorney's Office, filed a brief in opposition; on August 4, 2011, Petitioner filed a reply brief.

(Docs. 26, 30, & 31). Because of the reasons that follow, the motion will be denied.

Petitioner moves this Court pursuant to Federal Rule of Civil Procedure 60(b) which states:

> (b) **Grounds for Relief from a Final Judgment, Order, or Proceeding**. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). "The general purpose of Rule 60 . . . is to strike a proper balance between the conflicting principles that litigation must be brought to an end and that justice must be done." Curran v. Howmedica Osteonics, 425 Fed. Appx. 164, 166 (3d Cir. 2011), quoting Boughner v. Sec'y of Health, Educ. & Welfare, 572 F.2d 976, 977 (3d Cir. 1978). "Because parties have a strong interest in the finality of judgments, '[t]his Court has . . . cautioned that relief from a judgment under Rule 60 should be granted only in exceptional circumstances.'" Id.

Petitioner argues that the judgment denying his first habeas corpus petition should be opened because: (1) it was not based upon a foundation of due process and is void (Rule 60(b)(4)); (2) it was based on fraud (Rule 60(b)(3)); and (3) extraordinary circumstances exist justifying relief from judgment (Rule 60(b)(6)). (Doc. 26, p. 5). Petitioner requests that his May 12, 1992 petition for writ of habeas corpus be reinstated and a full evidentiary hearing be held on said petition. (Doc. 26, p. 20).

2

I. Jurisdiction

This Court does not have jurisdiction over this matter as Petitioner appealed the August 10, 1993 dismissal to the United States Third Circuit Court of Appeals which denied Petitioner's appeal. (Docs. 20 & 24) (Notice of appeal filed on September 10, 1993 and dismissal of that appeal filed on June 6, 1994). The Third Circuit Court of Appeals "has held that, when reviewing a Rule 60(b) motion brought following an appeal, district courts are 'without jurisdiction to alter the mandate of this court on the basis of matters included or includable in [the party's] prior appeal.'" Bernheim v. Jacobs, 144 Fed. Appx. 218, 222 (3d Cir. 2005) (citing Standard Oil v. United States, 429 U.S. 17 (1976); Seese v. Volkswagenwerk, A.G., 679 F.2d 336 (3d Cir. 1982)); see also Smith v. Evans, 853 F.2d 155, 158 (3d Cir. 1988) (holding "that a Rule 60(b) motion may not be used as a substitute for appeal, and that legal error, without more, cannot justify granting a Rule 60(b) motion"). The courts "distinguish between a Rule 60(b) motion based on matters that were before the court on appeal, which may not be reviewed subsequently by the district court, and a Rule 60(b) motion based on matters that come to light after the appellate court has issued a decision, which properly may be reviewed by the district court." Id.; see also United States v. Cooper, 2008 U.S. Dist. LEXIS 6851, *3-4 n.1 (W.D. Pa. 2008) (stating that a district "court cannot grant relief under Rule 60(b)(6) if the party could have reasonably sought the same relief by means of an appeal").

Petitioner is requesting a "full evidentiary hearing" on the issues contained in his May 12, 1992 petition for writ of habeas corpus. (Doc. 26, p. 20). That petition, which addressed alleged jury selection errors at trial, was dismissed by this Court and an appeal of that petition was denied by the Third Circuit Court of Appeals with the knowledge that an evidentiary hearing had not been held. See (Docs. 19 & 24). Petitioner may not use a Rule 60(b) motion as a substitute for his failure to

timely seek a writ of certiorari after his request for a certificate of appealability was denied. See United States v. Fiorelli, 337 F.3d 282, 288 (3d Cir. 2003); Cooper, 2008 U.S. Dist. LEXIS 6851 at *3-4 n.1 (concluding that where the petitioner appealed the District Court's denial of his section 2255 motion and the Third Circuit denied his request for a certificate of appealability, it could not then grant the relief that the Court of Appeals declined to grant). Consequently, this Court lacks jurisdiction. See Bernheim, 144 Fed. Appx. at 222. Because the Third Circuit Court of Appeals made the final determination on the petition in question, this Court does not have jurisdiction to consider the instant Rule 60(b) motion.

Assuming arguendo that this Court has jurisdiction, the motion will be nevertheless denied.

II. Successive Habeas Petition

Respondent argues that Petitioner's Rule 60(b) motion is actually a second or successive habeas corpus application under 28 U.S.C. § 2244(b)(1). (Doc. 30, p. 6). A second or successive petition may only be filed with the permission of the Court of Appeals and only if there is newly discovered evidence or a new rule of constitutional law. 28 U.S.C. § 2255(h). However, Petitioner's main contention[1] is that this Court erred by not providing an evidentiary hearing on his

---

[1]Petitioner requests an evidentiary hearing on the issues contained in his habeas petition but notes that "there is a very thorough stenographic record of jury selection. There would therefore be no need to recall potential jurors from 27 years ago in order to ask them to 'remember finite points of jury selection.'" (Doc. 31, p. 1). It appears from this assertion that Petitioner merely wants another review of the trial transcript. Petitioner has set forth no factual disputes which would require a hearing but argues errors of law committed by the trial court based on the voir dire transcript. (Doc. 26, pp. 16-17). These discrepancies lend themselves to Respondent's assertion that Petitioner is attempting "to cloak his repetitive habeas corpus argument as a request for a hearing." (Doc. 30, p. 6). However, the Court will evaluate this motion as an attempt to open a judgment based on this Court's failure to have a hearing and as a request for a factual, evidentiary hearing.

4

habeas petition. (Doc. 26, p. 11). Such an error would amount to "a defect in the integrity of the habeas proceeding possibly justifying Rule 60(b) relief." United States v. Lopez, 2007 U.S. Dist. LEXIS 80664, *15 (E.D. Pa. 2007). Accordingly, this Court does not determine that Petitioner's motion is a successive habeas petition.

III. Discussion

Respondent first argues that Petitioner's motion, being filed almost eighteen (18) years after the dismissal, is untimely and prejudicial to Respondent. (Doc. 30, pp. 2-6). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." FED. R. CIV. P. 60(c)(1). Because, as Petitioner concedes, "motions based on sections (1), (2) and (3) of Rule 60(b) may not be brought after the passage of one year," Petitioner's motion and arguments based on fraud under Rule 60(b)(3) will not be considered as this motion was filed well over a year after his first habeas corpus petition was denied. (Doc. 26, p. 5); see also Zahl v. Harper, 403 Fed. Appx. 729, 733 (3d Cir. 2010) (A motion under Rule 60(b)(3) must be brought within one year of the judgment).

Petitioner also argues that the dismissal judgment is void and should be opened under section (4). The reasonable-time requirement does not apply to a motion under section (4). See Azubuko v. Bunker Hill Cmty. College, 2011 U.S. App. LEXIS 17428, *3 (3d Cir. 2011) citing United States v. One Toshiba Color TV, 213 F.3d 147, 157 (3d Cir. 2000). However, despite Petitioner's classification, this Court's discretionary decision to not grant an evidentiary hearing on a writ of habeas corpus is not an act that is in a manner inconsistent with due process of law, rather is merely an alleged error of law. A judgment is void "only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due

process of law." Union Switch & Signal Div. Am. Standard Inc. v. United Elec., Radio & Mach. Workers, 900 F.2d 608, 612 n.1 (3d Cir. 1990). In determining what is a void judgment, the Third Circuit Court of Appeals adopted a standard of the First Circuit Court of Appeals:

> A void judgment is to be distinguished from an erroneous one, in that the latter is subject only to direct attack. A void judgment is one which, from its inception, was a complete nullity and without legal effect. In the interest of finality, the concept of void judgments is narrowly construed. . . Only in the rare instance of a clear usurpation of power will a judgment be rendered void.

Marshall v. Board of Education, 575 F.2d 417, 422, n.19 (3d Cir. 1978), citing Lubben v. Selective Service System Local Board No. 27, 453 F.2d 645, 649 (1st Cir. 1972). "By contrast, a judgment is not void and is therefore not within the ambit of 60(b)(4) simply because it is erroneous." Marshall, 575 F.2d at 422 (citations omitted). A decision under Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts is left to the discretion of the District Court and any error in that discretion would be a procedural error and not a deprivation of Constitutional due process. See Willis v. Dragovich, 2008 U.S. Dist. LEXIS 31972, *6 (E.D. Pa. 2008) (In analyzing a Rule 60(b) motion, the court described the failure to hold an evidentiary hearing on a habeas petition as a procedural error which can be characterized as a claim for the purposes of § 2244). Because Petitioner's motion under subsection (b)(4) alleges merely a legal error, it will be construed as a motion under Rule 60(b)(1). Since the motion is being made well over one (1) year after the dismissal of the habeas petition, Petitioner's motion based on this Court's decision not to hold an evidentiary hearing is untimely.

Assuming arguendo that Petitioner's motion under Rule 60(b)(4) is properly classified and timely, it is determined that Petitioner's motion that the dismissal was void is

without merit. Petitioner maintains that the Pennsylvania state courts did not make a ruling on the merits after a full and fair evidentiary hearing and, therefore, the dismissal in question is void "as no evidentiary hearing was held, though one was required, thereby depriving [Petitioner] of due process." (Doc. 26, p. 11). Petitioner argues that the judgment is void because this Court acted "in a manner inconsistent with due process of law." (Doc. 26, p. 12), citing Schwartz v. United States, 976 F.2d 213, 217 (4th Cir. 1992), (citing Wright and Miller, Federal Practice and Procedure: Civil § 2862 at 198-200 (1973) ("A judgment is not void merely because it is erroneous. It is void only if the court that rendered it lacked jurisdiction of the subject matter, or of the parties, or if it acted in a manner inconsistent with due process of law.")). Specifically, Petitioner alleges that the material facts were not adequately developed in his state appellate court proceedings, and therefore, a "fundamental miscarriage of justice" resulted from this Court's "failure to hold a federal evidentiary hearing." (Doc. 25, pp. 13-16), citing Keeney v. Tamayo-Reyes, 504 U.S. 1, 112 S. Ct. 1715, 118 L. Ed 2d 318 (1992) and Townsend v. Sain, 372 U.S. 293, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963).

      Petitioner asserts that he has only once been granted an opportunity to be heard in the appellate context, in 1988 before the Pennsylvania Supreme Court. (Doc. 25, p. 8). Contrary to Petitioner's assertion, the Pennsylvania Superior Court held argument on his appeal from the judgment of sentence on May 20, 1986 and, in an opinion analyzing evidence and testimony including, inter alia, alleged errors in jury selection, the Court denied Petitioner's appeal. Maxwell, 513 A.2d 1382. The extensive Superior Court opinion also analyzed the voir dire transcript and the written opinion of the trial court on the decision not

to strike certain jurors for cause. Id. at 1388. The Pennsylvania Supreme Court granted a petition for allowance of appeal on January 15, 1987. Commonwealth v. Maxwell, 520 A.2d 1384 (Pa. 1987). The Pennsylvania Supreme Court held a hearing on May 11, 1988, however, Petitioner escaped from prison while a ruling was pending and the Court dismissed the appeal on December 21, 1989 concluding Petitioner was a fugitive abandoning his appeal. Commonwealth v. Maxwell, 569 A. 2d 328 (Pa. 1989). Petitioner's application for reconsideration or reargument was denied by the Pennsylvania Supreme Court on February 7, 1990. Id.

The decision to grant a hearing on a habeas corpus petition is left "to the sound discretion of district courts." Schriro v. Landrigan, 127 S. Ct. 1933, 1940, 1944, 167 L. Ed. 2d 836 (2007); Hakeem v. Beyer, 990 F.2d 750, 758 (3d Cir. 1993). Petitioner's habeas corpus petition was filed in 1992 prior to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). At that time the United States Third Circuit Court of Appeals held that, "[w]hen a § 2254 petitioner raises material disputed facts which, if true, would entitle the petitioner to relief, the district court also must hold an evidentiary hearing, 'if the habeas applicant did not receive a full and fair evidentiary hearing in a state court, either at the time of trial or in a collateral proceeding.'" Lesko v. Lehman, 925 F.2d 1527, 1539 (3d Cir. 1991), citing Townsend v. Sain, 372 U.S. 293, 312, 83 S. Ct. 745, 9 L. Ed. 2d 770 (1963). The United States Supreme Court has held that evidentiary hearings are required under the following circumstances:

> (1) the merits of the factual dispute were not resolved at the state hearing; (2) the state factual determination is not fairly supported by the record as a whole; (3) the fact-finding procedure employed by the state court was not adequate to

> afford a full and fair hearing; (4) there is a substantial allegation of newly discovered evidence; (5) the material facts were not adequately developed at the state-court hearing; or (6) for any reason it appears that the state trier of fact did not afford the habeas applicant a full and fair fact hearing.

Id. citing Townsend, 372 U.S. at 313 and Smith v. Freeman, 892 F.2d 331, 338 (3d Cir. 1989); Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir.), cert. denied, 484 U.S. 946, 108 S. Ct. 336, 98 L. Ed. 2d 362 (1987); Sullivan v. Cuyler, 723 F.2d 1077, 1084 (3d Cir. 1983).

Here, Petitioner is arguing under the fifth and sixth prongs that because the Pennsylvania Supreme Court never made an adjudication on the merits of his appeal and the merits of the factual dispute were not resolved in the state hearing, this Court was required to grant him an evidentiary hearing on his petition. (Doc. 26, p. 18). As noted above, however, the Superior Court examined the voir dire transcript and the written opinion of the trial court on the decision not to strike certain jurors for cause. Maxwell, 513 A.2d at 1388. Not only did the Superior Court have a hearing on the matters germane to the habeas petition in question, but the trial judge also heard argument and issued an opinion regarding the challenges for cause. See id. Accordingly, despite Petitioner's assertion that the only state court hearing on his arguments regarding strikes for cause was before the Pennsylvania Supreme Court which failed to adjudicate the arguments on the merits, it is determined that Petitioner had twice been given a full and fair hearing on the issues raised in Petitioner's May 12, 1992 writ of habeas corpus. Accordingly, this Court finds no error in its prior determination not to have an evidentiary hearing regarding Petitioner's first habeas corpus petition.

As to Petitioner's motion under section (6), a determination must be made as to

9

whether almost eighteen (18) years after the closing of Petitioner's first habeas motion is within a "reasonable time." It is not. Of the cases cited by Petitioner in which the courts determined that the motion was <u>untimely</u>, the largest lapse of time was three (3) years. (Doc. 26, pp. 7-8) <u>citing</u> <u>Ohio Cas. Ins. Co. v. Pulliam</u>, 1999 U.S. App. LEXIS 14136, *10 (6th Cir. 1999) (Three year delay in bringing 60(b)(6) motion is unreasonable). Petitioner cites one (1) case in which the motion was determined to be timely. (Doc. 26, p. 10), <u>citing</u> <u>U.S. v. Holtzman</u>, 762 F.2d 720 (9th Cir. 1985) (Based on a misunderstanding of an injunction and a recent clarification of its terms by the EPA, a motion three (3) years after an injunction but two (2) months after the EPA's clarification of its meaning, was timely). The United States Court of Appeals for the Third Circuit determined that eight (8) years "is <u>without a doubt</u> not a reasonable time to wait before seeking to reopen a judgment, including under the catch-all subparagraph (6)." <u>Zahl</u>, 403 Fed. Appx. at 734 (emphasis added), <u>citing</u> <u>Moolenaar v. Gov't of Virgin Islands</u>, 822 F.2d 1342, 1348 (3d Cir. 1987) (finding two (2) years not reasonable); <u>Martinez-McBean v. Gov't</u>, 562 F.2d 908, 913, n.7 (3d Cir. 1977) (doubting that two and one-half (2.5) year delay would comply with "reasonable time" requirement); <u>see also</u> <u>Vining v. U.S.</u>, 2011 U.S. App. LEXIS 18722, *2 (3d Cir. 2011) (Rule 60(b) motion filed four (4) years after dismissal of complaint was not made within a reasonable time and was thus untimely.). Petitioner filed the instant motion on June 30, 2011, seventeen (17) years, ten (10) months and twenty-one (21) days after his habeas corpus petition was dismissed. In balancing the facts of this particular case to determine what is a reasonable amount of time, the prejudice to the Respondent by the time lapse greatly outweighs Petitioner's only reason

for not taking appropriate action sooner: lack of counsel[2]. It is determined that the time lapse here was not reasonable and Petitioner's motion under Rule 60(b)(6) is untimely.

Further, "Rule 60(b)(6) relief from judgment is only granted in extraordinary circumstances." Jackson v. Danberg, 656 F.3d 157, 165 (3d Cir. 2011), citing Martinez-McBean, 562 F.2d at 911-12. "It is available where the party seeking relief demonstrates that 'extreme' and 'unexpected' hardship will result absent such relief." Jackson, 656 F.3d at 165-66; citing United States v. Swift & Co., 286 U.S. 106, 119, 52 S. Ct. 460, 76 L. Ed. 999 (1932). Petitioner's reason for the delay, having to navigate the habeas corpus petition process without an attorney, is not an extraordinary circumstance.

IV. Conclusion

Petitioner's Rule 60(b) motion is untimely and this Court does not have jurisdiction over it. Accordingly, in an Order to follow, it will be dismissed.


Date: February 6, 2012         s/ William J. Nealon
                               United States District Judge

---

[2] It appears from Petitioner's brief that the reason he is setting forth for the lengthy delay is his filing of multiple other habeas corpus petitions and Post Conviction Relief Act petitions and errors made by the pro se Petitioner in choosing venue and petitions. (Doc. 26, pp. 9-11). Petitioner asserts that "[a]fter his family was able to accumulate the necessary funds, [Petitioner] retained counsel in 2009, at which time counsel began the task of reviewing the lengthy case history and determining the most appropriate means by which to petition the courts." (Doc. 26, p. 9). Despite Petitioner asserting his reason for the delay as being his inability to retain counsel until 2009, this motion was not filed until June 30, 2011, a minimum of one (1) year and seven (7) months after counsel was retained.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ERIC MAXWELL, :
    Petitioner :
     :
vs. : CIVIL NO.: **3:92-CV-0628**
     : (JUDGE NEALON)
     : (MAGISTRATE JUDGE BLEWITT)
ANDY DOMOVICH, ET AL., :
    Respondents :
     :

## ORDER

**AND NOW**, this 6th day of February, 2012, in accordance with the Memorandum of this date, **IT IS HEREBY ORDERED THAT:**

(1) Petitioner's motion for relief from judgment (Doc. 25) is **DENIED**;

(2) The Clerk of Court is directed to **CLOSE** this case; and

(3) There is no basis for the issuance of a certificate of appealability.

                                             s/ William J. Nealon
                                            United States District Judge